☒ CHAPTER 13 PLAN

Debtor:    Dennis John Mope,         Case No.: 6:09-bk-02202-ABB

The projected disposable income of the debtor(s) is submitted to the supervision and control of the Trustee, and the debtor(s) shall pay to the Trustee by money order or cashier's check commencing by the 30th day following the filing of the original Chapter 13 Plan the sum of $3,435.00 for months No. 1 to month No. 60. From the payments received, the Trustee shall make disbursements as follows:

PRIORITY: The Trustee percentage fee as set by the United States Trustee, AND:

| Name of Creditor | Claim Amount | Payment Amount | Payment Numbers |
|---|---|---|---|
| James H. Monroe | $3,000.00 | $200.00<br>$75.00<br>$200.00<br>$50.00 | 1 through 8<br>9 through 10<br>11 through 16<br>Payment 17 |
| James H. Monroe | $1,250.00<br>(monitoring fee) | $125.00 | 9 through 10<br>20 through 21<br>39 through 40<br>51 through 52 |

SECURED:

| Name of Creditor | Claim Amount | Payment Amount | Payment Numbers |
|---|---|---|---|
| CitiResidential Lending | $445,028.94 | $2,865.86 | 1 through 60 |
| Chrysler Financial | $8,810.91 | $00.00 | Property to be surrendered. See provision #10. |
| Jaguar Credit | $17,544.81 | $00.00 | Property to be surrendered. See provision #11. |
| Systems & Service Technologies | $8,956.85 | $00.00 | Property to be surrendered. See provision #12. |

POST PETITION PAYMENT:

| Name of Creditor | Claim Amount | Payment Amount | Payment Numbers |
|---|---|---|---|
| CitiResidential Lending | $2,865.86 | $25.00<br>$175.00<br>$225.00<br>$100.00<br>$225.00<br>$100.00<br>$225.00<br>$90.86 | 1 through 16<br>Payment 17<br>18 through 19<br>20 through 21<br>22 through 26<br>27 through 28<br>Payment 29<br>Payment 30 |

SECURED ARREARAGE:    None
LEASES:                None

CREDITORS' LIENS TO BE AVOIDED:   None

UNSECURED CREDITORS: whose claims are allowed shall receive a pro rata share of the balance of funds remaining after payments to Priority and Secured creditors are made.
Approximate percentage: 3%

OTHER PROVISIONS:

1. Secured creditors shall retain their liens until their claims are paid in full. Upon payment of the secured creditor's claim in full and upon either entry of the discharge or further applications in this Court by the debtor, the creditor shall record a satisfaction of lien and turnover title to the debtor.

2. The effective date of the plan shall be the date the Chapter 13 plan is confirmed.

3. Assumption or rejection of executory contracts and unexpired leases shall be accomplished by notice separate from this plan.

4. Any claims filed after the claims bar date shall not receive distribution under this plan, unless specifically provided for above.

5. All payments made timely to the Trustee shall be deemed to be timely payment to each creditor.

6. All property shall revest in the Debtor upon confirmation of the Plan. The Court shall retain jurisdiction to determine all post-petition costs and attorney's fees associated with the claims filed in this case.

7. In the event the instant case is converted to a Chapter 7, or if it is dismissed, then any refunds that are due to the Debtors shall be issued to Debtors' counsel to reduce any outstanding attorney's fees.

8. Confirmation of the plan, completion of the plan by the debtor and discharge shall impose a duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and deeds of trust on residential real property to:

   (a) Apply the payments received from the trustee on the pre-petition arrearages, if any, and only to such arrearages;

   (b) Deem the pre-petition arrearages as contractually cured upon confirmation of the plan and discharge of the debtor, thereby precluding the imposition of late payment charges or other defaulted-related fees and services during the life of the plan based solely on the pre-petition default or defaults;

   (c) Apply the direct post-petition mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were designated to be made under the plan or directly by the debtor(s), whether or not such payments are immediately applied to the loan or placed into some type of suspense, forbearance or similar account;

      (d)    Notify the trustee, the debtor(s) and attorney for the debtor(s) in writing of any changes in the interest rate for non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments;

      (e)    Notify the trustee, the debtor(s) and attorney for the debtor(s) in writing of any change in the property taxes and/or property insurance that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments;

      (f)    Refrain from directly paying or attempting to pay any pre-petition tax obligation that the debtor(s) have included in their plan to be paid under their plan unless a motion is filed to modify the plan with adequate notice and hearing to the debtor(s), the trustee and the attorney for the debtor(s);

      (g)    Refrain from ever assessing, charging, imposing, advancing or billing any type of fees or charges (such as legal fees, broker price opinion fees, property inspection fees, property preservation fees, etc) to the mortgage loan which are incurred during the life of the plan of the debtor(s) either post- petition or pre-confirmation or post-confirmation and pre-discharge unless such fees or charges have been approved by the Bankruptcy Court upon the filing of a proper application for the approval of such fees and charges under Rule 2016(a) of the Rules of Bankruptcy procedure and adequate notice and hearing;

9. Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement **and** constitutes consent to the removal of any arbitration clause from any type of contact or contracts with the debtor(s) herein except as prohibited by Section 1322(b)(2) regarding the principal residence of the debtor.

10. The debtor is surrendering his interest in the 2004 Dodge Durango. Debtor's daughter will continue to make the payments directly to Chrysler Financial.

11. The debtor is surrending his interest in the 2004 Nissan 350Z. The co-debtor, Denise Mope, will continue to make payments directly to Systems & Services Technologies.

12. The debtor is surrendering his interest in the 2007 Jaguar. Sandra Mope will continue to make payments directly to Jaguar Credit.

DECLARATION OF DEBTORS

I, DENNIS JOHN MOPE, do hereby declare under penalty of perjury, that I have read the foregoing Chapter 13 Plan and that it is true to the best of my knowledge, understanding and belief.

_____                    Dated: 2/26/09
Signature of Debtor

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Chapter 13 Plan has been furnished by First Class, U.S. Mail, postage pre-paid or electronic transmission on this 4th day of March, 2009 to Laurie K. Weatherford, Trustee, PO Box 3450, Winter Park, FL 32792 and to all creditors and parties in interest on the attached mailing matrix.

James H. Monroe
Florida Bar No. 311995
P.O. Box 540163
Orlando, Florida 32854-0163
(407)872-7447
Fax No.: (407) 872-7491
Email: jamesmonroe@jamesmonroepa.com
Attorney for Debtor(s)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:09-bk-02202-ABB<br>Middle District of Florida<br>Orlando<br>Tue Mar  3 13:27:33 EST 2009 | ATT Universal Card<br>PO Box 6940<br>The Lakes, NV 88901-6940 | Bank Of Ameirca<br>PO Box 15731<br>Wilmington, DE 19886-5731 |
| Bank Of America<br>PO Box 15019<br>Wilmington, DE 19886-5019 | Bank Of America<br>PO Box 15184<br>Wilmington, DE 19850-5184 | Bank Of America<br>PO Box 15726<br>Wilmington, DE 19886-5726 |
| Bank Of America<br>PO Box 21848<br>Greensboro, NC 27420-1848 | Bright Future<br>8409 Tibet Butler Drive<br>Windermere, FL 34786-5307 | Business Card<br>PO Box 15710<br>Wilmington, DE 19886-5710 |
| Chase Card Cardmember Services<br>PO Box 15153<br>Wilmington, DE 19886-5153 | Chase United Mileage Plus<br>Cardmember Services<br>PO Box 15153<br>Wilmington, DE 19886-5153 | Chrysler Financial<br>PO Box 9001921<br>Louisville, KY 40290-1921 |
| Citi Residential Lending<br>PO Box 5926<br>Carol Stream, IL 60197-5926 | CitiBusiness Card<br>Po Box 6411<br>The Lakes, NV 88901-6411 | CitiCard<br>PO Box 6406<br>The Lakes, NV 88901-6406 |
| Denise Mope<br>2915 Clybourn, Apt 306<br>Chicago, IL 60618-8280 | Dennis Mope, PA<br>8409 Tibet Butler Drive<br>Windermere, FL 34786-5307 | Discover Card<br>PO Box 71084<br>Charlotte, NC 28272-1084 |
| EXPO Credit Services<br>Processing Center<br>PO Box 689100<br>Des Moines, IA 50368-9100 | Florida Department of Revenue<br>Bankruptcy Unit<br>Post Office Box 6668<br>Tallahassee FL 32314-6668 | GE Money Bank/Empire<br>PO Box 960061<br>Orlando, FL 32896-0061 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 | Jaguar Credit<br>PO Box 55000<br>Detroit, MI 48255-0001 | James H Monroe<br>James H. Monroe, P.A.<br>Post Office Box 540163<br>Orlando, FL 32854-0163 |
| Dennis John Mope<br>8409 Tibet Butler Drive<br>Windermere, FL 34786-5307 | Orange County Tax Collector<br>Attn:  Earl K. Wood<br>Post Office Box 2551<br>Orlando FL 32802-2551 | Sallie Mae<br>PO Box 9500<br>Wilkes-Barre, PA 18773-9500 |
| Sandra Mope<br>1187 Joiner Road<br>Monticello, FL 32344-5073 | Schools For Sale, Inc.<br>8409 Tibet Butler Drive<br>Windermere, FL 34786-5307 | SunTrust Recovery Dept<br>CS-RVW-7942<br>PO Box 85041<br>Richmond, VA 23285-5041 |

```
Systems & Service Technologies        Laurie K Weatherford
PO Box 790079                         Post Office Box 3450
St. Louis, MO 63179-0079              Winter Park, FL 32790-3450
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service
Post Office Box 21126
Philadelphia PA 19114
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Arthur B. Briskman              End of Label Matrix
Orlando                            Mailable recipients   31
                                   Bypassed recipients    1
                                   Total                 32
```